BERNARD STRADCUTTER, JR., AS REPRESENTATIVE OF
ESTATE OF FRANK STRADCUTTER, DECEASED v.
PETER STRADCUTTER, SUBSTITUTED FOR
THE STATE BANK OF BELLE PLAINE.[1]

December 30, 1921.

No. 22,642.

Gift causa mortis.

A deposit in a bank of certain securities, together with an assignment thereof to his brother, made by a young man at about the time of his enlistment into the army, with directions to deliver the same, in

[1]Reported in 185 N. W. 1016.

the event of his death, to his brother, does not constitute a gift causa mortis.

Action in the district court for Scott county to recover possession of a note and mortgage and also of a Liberty bond. The case was tried before Tifft, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, Peter Stradcutter, substituted for the State Bank of Belle Plaine, appealed. Affirmed.

*Julius A. Coller* and *Thomas D. O'Brien,* for appellant.

*F. C. & H. A. Irwin,* for respondent.

QUINN, J.

Appeal from a judgment entered after trial before the district court without a jury. The action was brought by the plaintiff as administrator of the estate of Frank Stradcutter, deceased, to recover possession of a certain mortgage and note given by Joseph Stradcutter and wife for $2,415 upon certain lands in Scott county, also one liberty bond for $50.

The facts are not in dispute. Frank Stradcutter, brother of the defendant, Peter Stradcutter, was the owner and in possession of the securities mentioned. In June, 1918, he entered the American army for military service in the war with the German Empire. In October of that year while in the line of duty he died in a field hospital from the perils which he encountered in such service. Subsequently plaintiff was appointed and qualified as administrator of his estate. The defendant claims the securities by virtue of a gift of the same to him by his brother Frank. Realizing at the time he entered the army that he would be compelled to encounter the perils imposed by such service and feeling himself to be in immediate danger of death, Frank placed the securities mentioned, together with an assignment thereof, in an envelope and deposited it in the Belle Plaine State Bank. He indorsed upon the envelope the following:

"In the event of my death I hereby instruct the State Bank of Belle Plaine to deliver to my brother Peter Stradcutter the inclosed

mortgage, note and assignment, and $50 Liberty bond, upon receipt from him of an amount equivalent to interest due on said mortgage until due. Said interest to be given to my father. I also further instruct said bank to pay over to my father all interest that may be paid by mortgagor before my death.

                                        Frank Stradcutter."

After the commencement of this action and before trial the bank deposited the securities in court and appellant was substituted as defendant.

The sole question presented by the record is, whether the facts establish a gift causa mortis of the securities to the defendant, Peter Stradcutter. If so, the holding of the trial court cannot be sustained; otherwise, the conclusions are right.

The situation is unfortunate. There can be no question but that Frank wanted his property to go to his brother in case he should lose his life in his country's service. But there is room for little doubt as to the law applicable. Gifts causa mortis go into immediate and absolute effect, conditioned on the death of the donor and subject to revocation. The donor renounces and the donee immediately acquires all title and interest in the subject of the gift, subject to other limitations. Irish v. Nutting, 47 Barb. 370; 2 Kent, Com. 438; 2 Black, Com. 441. This was not a valid gift causa mortis, for the reason that Frank was not in a situation in which it was possible for him to make a gift of that kind. He was a young single man, in good health, in no peril from which he could reasonably anticipate that his death was near. A vague and general fear that death may occur from some uncertain cause in the future is not sufficient. Frank had ample opportunity to make a will in the regular and ordinary way. It is clear that the gift was made under no present peril of death. Irish v. Nutting, supra, and many cases cited; Smith, Admr. v. Dorsey, 38 Ind. 451, 10 Am. Rep. 118; Reedy v. Kelley, Ala. 89 South. 275.

        Affirmed.